State v. Summerlin

The jury returned a verdict of guilty of breaking or entering with intent to commit the felony of rape, and from judgment imposing sentence, the defendant appealed.

*Attorney General Morgan and Staff Attorney Sauls for the State.*

*Clarence C. Boyan for defendant appellant.*

---

STATE OF NORTH CAROLINA v. LESTER SUMMERLIN

No. 7018SC468

(Filed 16 September 1970)

APPEAL by defendant from *Collier, J.,* 13 April 1970 Criminal Session of GUILFORD Superior Court.

In these criminal cases the defendant, represented by counsel, waived bills of indictment and pleaded guilty to three charges of armed robbery set forth in informations signed by the solicitor. From judgments imposing prison sentences in the three cases, defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan by Staff Attorney L. Philip Covington for the State.*

*Assistant Public Defender Robert D. Douglas III, for defendant appellant.*

PARKER, J.

With admirable candor, appellant's counsel states that he has searched the record and all proceedings involved in this appeal and is unable to find prejudicial error. We agree.

Each information on which defendant was brought to trial was proper in form to charge the offense of robbery with the use or theatened use of firearms as described in G.S. 14-87. Each information contained "as full and complete a statement of the accusation as would be required in an indictment," as required by G.S. 15-140.1, and pursuant to that statute the defendant and his counsel each signed written waivers of indictment which appeared on the face of each information. Before accepting defendant's tendered guilty pleas, the trial judge carefully examined the defendant as to his understanding of the nature of the charges against him, of his right to plead not guilty and to be tried by a jury, of the maximum punishment which might be imposed upon his tendered guilty pleas, and concerning the voluntariness of his pleas. The court also questioned defendant concerning his readiness for trial and as to whether he was satisfied with the services of his counsel. After this examination the court entered an order, which is made a part of the record, making findings of fact and adjudging that the pleas of guilty tendered by defendant were freely, understandingly and voluntarily made. On these findings and adjudication the court ordered the pleas of guilty to be entered in the record. The sentences imposed were within statutory limits provided in G.S. 14-87. In the entire proceedings and the judgments appealed from we find

No error.

MALLARD, C.J., and HEDRICK, J., concur.